### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

### CASE NO.

**UNITED STATES SECURITIES AND**
**EXCHANGE COMMISSION,**

Plaintiff,

v.

**MCC INTERNATIONAL CORP. (DBA**
**"MINING CAPITAL COIN CORP.,"),**
**CPTLCOIN CORP., BITCHAIN**
**EXCHANGES, LUIZ CARLOS CAPUCI,**
**JR. (AKA "JUNIOR CAPUTTI"), and**
**EMERSON SOUSA PIRES,**

Defendants.

_____/



FILED BY _____ D.C.

APR 0 7 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

### CASE FILED UNDER SEAL

### PLAINTIFF UNITED STATES SECURITIES AND EXCHANGE COMMISSION'S EMERGENCY *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER AND ORDER FOR ANCILLARY RELIEF

Plaintiff United States Securities and Exchange Commission brings this civil

law enforcement action on an emergency *ex parte* basis to halt ongoing misconduct

by defendants MCC International Corp. (dba "Mining Capital Coin Corp.");

CPTLCoin Corp.; Bitchain Exchanges; Luiz Carlos Capuci, Jr. (aka "Junior

Caputti"); and Emerson Sousa Pires. In support of its motion, the SEC states:

1.      The SEC brings this lawsuit to stop an ongoing offering fraud being

perpetuated by defendants. Defendants lured investors to MCC through deception

and lies. Contrary to their claims – as detailed in the SEC's Complaint, in its brief in

support of this motion, and in the evidence attached thereto – MCC did not trade

crypto assets or securities. And it did not have thousands of machines mining the internet for crypto assets. Rather, MCC's only source of revenues was its thousands of unsuspecting investors.

2.      The evidence of defendants' malfeasance offered by the SEC establishes a reasonable likelihood that they engaged in practices that violated the securities laws. The evidence also establishes that defendants will not hesitate to continue their wrongdoing unless stopped by this Court.

3.      To stop this malfeasance and to protect investor funds, the SEC seeks:

- **Temporary Restraining Orders** and **Preliminary Injunctions**: The SEC seeks an Order enjoining defendants from engaging in misconduct that violates Sections 5 and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), (c), and 77q(a)], and Section 10(b) of the Exchange Act [15 U.S.C. § 78j] and Rule 10b-5 [17 CFR § 240.10b-5] thereunder. It further seeks an order prohibiting defendants from soliciting any new investors; accepting additional funds from existing investors; or issuing, purchasing, offering, or selling any security.

- **Asset Freeze**: The SEC seeks to have assets, vehicles, and properties locked-down and safeguarded so that such funds are available as remedies in the form of disgorgement and penalties. The SEC further seeks to prevent defendants from encumbering any of their assets, and to bar them from declaring bankruptcy.

- **Accounting**, **Expedited Discovery**, and **Document Preservation Order**: Defendants should be Ordered to provide information on an expedited basis in furtherance of the immediate safeguarding of investor proceeds. They should also be ordered to preserve all evidence relating to this matter. The SEC also seeks leave to take depositions in advance of a preliminary injunction hearing.

- Other Emergency Relief: The SEC seeks **repatriation** of ill-gotten gains back to the United States; an Order requiring defendants Capuci and Pires to **surrender their passports** to the Clerk of the Court, and **prohibiting them from leaving the United States** until the Court has determined that they have fully complied with the relevant provisions of its Orders.

Except for the asset freeze, this relief is reflected in the proposed order attached as Exhibit 1 to this motion. The proposed asset freeze order is attached as Exhibit 2 to this motion.

4.       "The SEC appears not as an ordinary litigant, but as a statutory guardian charged with safeguarding the public interest in enforcing the securities laws. The SEC therefore faces a lower burden than a private litigant when seeking an injunction, and need not meet the requirements for an injunction imposed by traditional equity jurisprudence." *SEC v. Lottonet Operating Corp.*, No. 17-21033-CIV, 2017 WL 6949289, at *9 (S.D. Fla. Mar. 31, 2017), *report and recommendation adopted*, No. 17-21033-CIV, 2017 WL 6989148 (S.D. Fla. Apr. 6, 2017) (citations omitted). "Notably, there is no requirement that the SEC demonstrate irreparable harm because when the Government seeks injunctive relief the standards of the public interest, not the requirements of private litigation, measure the propriety and need for injunctive relief in such cases." *SEC v. Shiner*, 268 F. Supp. 2d 1333, 1340 (S.D. Fla. 2003).

5.       The SEC has provided this Court with significant evidence of defendants' malfeasance and the need for immediate relief. Such evidence includes the Declarations of Larry Brannon and Steven Tremaglio, both SEC accountants, together with documents attached to those declarations. These documents include defendants' myriad lies to investors, which they made in multiple media formats. This evidence collectively constitutes compelling proof that defendants are engaging in a wide-ranging offering fraud that has thus far victimized thousands of investors.

6.      The SEC also submits contemporaneously herewith: (a) a motion to

file this entire case under seal; (b) a Rule 65 certification regarding the need to

temporarily proceed on an *ex parte* basis; and (c) a motion for leave to file a

supporting brief that exceeds 20 pages in length, which is necessary given the nature

of the alleged malfeasance and the many legal issues addressed in the brief.

WHEREFORE, plaintiff United States Securities and Exchange Commission

respectfully requests that the Court grant this motion; grant the relief requested in the

proposed orders attached to this motion; and grant such other and further relief as

this Court deems just and proper.

Date: April 7, 2022

Respectfully submitted,

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

By: Jonathan S. Polish
    One of Its Attorneys

Jonathan S. Polish
Senior Trial Counsel
S.D. Fla. No. A5502869
Direct Dial: (312) 353-6884
Email: PolishJ@SEC.gov

Christine B. Jeon
S.D. Fla. No. A5502884
Senior Counsel
Direct Dial: (312) 353-7419
Email: JeonC@SEC.gov

Devlin Su
Senior Counsel
S.D. Fla. No. A5502883
Direct Dial: (312) 596-6012
Email: SuDe@SEC.gov

Attorneys for Plaintiff
**UNITED STATES SECURITIES
 AND EXCHANGE COMMISSION**
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois 60604
Tel: (312) 353-7390

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

    v.

MCC INTERNATIONAL CORP. (DBA
"MINING CAPITAL COIN CORP.,"),
CPTLCOIN CORP., BITCHAIN
EXCHANGES, LUIZ CARLOS CAPUCI,
JR. (AKA "JUNIOR CAPUTTI"), and
EMERSON SOUSA PIRES,

        Defendants.

_____/

CASE FILED UNDER SEAL

[PROPOSED] *EX PARTE* TEMPORARY RESTRAINING
ORDER AND ORDER FOR ANCILLARY RELIEF

This cause coming to be heard on plaintiff United States Securities and Exchange

Commission's Emergency *Ex Parte* Motion for a Temporary Restraining Order and Order

for Ancillary Relief (the "TRO Motion") against defendants MCC International Corp. (dba

"Mining Capital Coin Corp."); CPTLCoin Corp.; Bitchain Exchanges; Luiz Carlos Capuci,

Jr. (aka "Junior Caputti"); and Emerson Sousa Pires (together the "defendants"), the Court

having considered the SEC's Complaint, the TRO Motion, the supporting memorandum of

law, the exhibits and declarations, and the Court being advised of such in the premises, this

Court finds as follows:

A.      This Court has jurisdiction over the subject matter of this case and over

defendants, and the SEC is a proper party to bring this action seeking the relief sought in the

SEC's Complaint.

B.      There is good cause to believe that defendants have engaged and are about to

engage in transactions, practices and courses of business that constitute violations of

Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §

77e(a), (c)].

C.      There is good cause to believe that defendants have engaged and are likely to

engage in transactions, practices and courses of business that violate Section 10(b) of the

Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 [17

C.F.R. §§ 240.10b-5] thereunder.

D.      There is good cause to believe that defendants have engaged and are likely to

engage in transactions, practices and courses of business that violate Section 17(a) of the

Securities Act [15 U.S.C. §§ 77q(a)(1), 77q(a)(2), and 77q(a)(3)].

E.      There is good cause to believe that, unless immediately restrained and

enjoined by this Court, defendants will continue to engage in such transactions, acts,

practices and courses of business and in such violations; that defendants' illicit gains that

could otherwise be subject to an order of disgorgement may be dissipated; and that

documents could be destroyed.

F.      An accounting is appropriate, as is repatriation of all defendants' assets

located abroad.

G.      There is good cause to believe that it is necessary to preserve and maintain the

business records of defendants from destruction.

H.     Expedited depositions are appropriate to permit a prompt and fair preliminary injunction hearing.

I.     There is good cause to believe that providing contemporaneous notice of these proceedings may result in the dissipation of assets or the compromising of evidence. The SEC's submissions demonstrates that immediate and irreparable injury, loss, or damage will result if the SEC provides such notice before first making efforts to safeguard assets and evidence.

J.     There is good cause to believe that the passports of defendants Luiz Carlos Capuci, Jr. and Emerson Sousa Pires should be surrendered to the Clerk of the Court, and that these defendants should be prohibited from leaving the country, pending further Order of this Court.

K.     Therefore, the SEC's TRO Motion should be, and is, granted as set forth more fully below.

**IT IS THEREFORE ORDERED:**

**I.     ORDER RESTRAINING DEFENDANTS FROM VIOLATING THE REGISTRATION PROVISIONS OF THE SECURITIES ACT OF 1933**

Defendants, their agents, servants, employees, attorneys, entities under their control, and those persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, are hereby restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and (c)] by, directly or indirectly, in the absence of any applicable exemption:

     A.     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

     B.     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

     C.     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the SEC as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h],

     by, directly or indirectly, offering to buy or sell securities without a registration statement being in effect.

## II.    VIOLATION OF SECTION 10(B) AND RULE 10B-5 OF THE SECURITIES EXCHANGE ACT OF 1934

     Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and in connection with the purchase or sale of securities, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange:

A.      employing any device, scheme or artifice to defraud;

B.      making any untrue statement of material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C.      engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or (iii) making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor.

## III.      VIOLATION OF SECTION 17(A) OF THE SECURITIES ACT OF 1933

Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, are temporarily restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

A.      to employ any device, scheme, or artifice to defraud;

B.      to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

C.      to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser,

by, directly or indirectly (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or information or (iii) making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor.

## IV.      CONDUCT-BASED INJUNCTIONS

A.      Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, soliciting any new investors; accepting additional funds from existing investors; or issuing, purchasing, offering, or selling any security.

B.      Defendants, their agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, encumbering any of the assets under their possession, custody or control, or from filing a voluntary or involuntary petition of bankruptcy without leave of this Court.

## V.      REPATRIATION

A.      Defendants, within seven (7) calendar days of receipt of this Order, shall repatriate, and take such steps as are necessary to repatriate, to the territory of the United States of America, any and all assets and funds, held by or in the name of any defendant, or in which any defendant, directly or indirectly, has or had any beneficial interest, or over which any defendant maintained or maintains or exercised or exercises control, including,

any and all assets and funds (1) held in a foreign bank, brokerage or other financial account or (2) transferred out of the United States from any account within the territory of the United States at any point, from January 1, 2019 to the present.

B.      Defendants shall provide to this Court and to the SEC, within ten (10) calendar days of entry of this Order, a written description of all funds and assets required to be repatriated and the status and location of such funds, assets and repatriation efforts.

## VI.      WRIT OF NE EXEAT AND SURRENDER OF PASSPORT

A.      Immediately upon entry of this Order and service thereof, defendants Luiz Carlos Capuci, Jr. and Emerson Sousa Pires shall surrender to the Clerk of the Court all passports in their possession, custody and control. The Clerk of the Court shall maintain custody of such passports until otherwise ordered by this Court.

B.      Defendants Luiz Carlos Capuci, Jr. and Emerson Sousa Pires are prohibited from traveling outside the United States unless and until this Court finds that they have fully complied with Section V and Section XI of this Order.

## VII.      NOTICE OF LIS PENDENS

A.      The SEC may file Notices of Lis Pendens, or any similar document that has the effect of clouding title, on all pieces of real property in which a defendant has an interest, including but not limited to the properties located at the following addresses, which upon information and belief are currently owned, in whole or in part, directly or indirectly, by defendant Luiz Carlos Capuci, Jr.: (1) 381 Southfield St., Kissimmee, Florida 34747; (2) 129 SE Via San Marino, Port St. Lucie, Florida 34984 (together these are referred to herein as the "Capuci Real Property").

B.      In the event that the Capuci Real Property has already been sold to third parties, defendants and/or the buyers of such properties shall immediately deposit any proceeds from such sales with the Clerk of the Court, and such party shall immediately notify the SEC of any such sale and/or transfer in the manner set forth in Section X(B) below.

C.      The SEC may provide notice to third parties that certain assets belonging to defendants should be safeguarded or locked-down or otherwise prevented from being moved, retrieved, or altered.

D.      Defendants are hereby prohibited from further encumbering their interests in any real or personal property by means of pledging it for collateral for any purpose or by allowing it to secure any obligation.

VIII.      **ALTERNATIVE MEANS OF SERVICE OF PROCESS**

A.      Notice of this Order, or any other Orders of the Court or notices required to be issued by the SEC, may be accomplished by delivery of a copy of the Order or notice by first class mail, overnight delivery, international express mail, facsimile, electronic mail, or personally, by agents or employees of the SEC: (i) upon any defendant, or on their counsel, including but not limited to attorneys who have represented any defendant in the underlying SEC investigation, by email; and (ii) upon any bank, saving and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, law enforcement, or any other person, partnership, corporation, or legal entity that may be subject to any provision of an Order. For purposes of notice to anyone in possession of documents, records, assets, funds, property, or property rights, actual notice of an Order shall be deemed complete upon

notification by any means, including, but not limited to, notice by facsimile transmission or email of this Order.

B.      Service of pleadings governed by Rule 4 of the Federal Rules of Civil Procedure, including service of the summons and Complaint, shall be attempted, where applicable and to the extent practical, pursuant to the provisions of the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil Matters, but may also be made personally, by facsimile, by email, by overnight courier, or by mail upon each defendant, his or her attorney, his or her U.S. agents, and any of their respective affiliates, to the extent permitted by law, by representatives of the SEC, representatives of the United States Postal Service, United States Marshals, other law enforcement, any other qualified person over the age of 21 years, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, including the issuance of letters rogatory, or as this Court may direct by further order.

C.      Upon the submission by the SEC of appropriate forms of letters rogatory, the Court shall sign, and the Clerk of this Court shall promptly execute and return to counsel for the SEC for transmission to the appropriate foreign judicial authorities copies of the pleadings governed by Rule 4 of the Federal Rules of Civil Procedure for service upon defendants, their attorneys or their agents, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

## IX.       ORDER PROHIBITING DESTRUCTION OF RECORDS

A.      Defendants, and all of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any of them, are restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, records, documents, correspondence, ledgers, accounts, financial transactions, statements, electronic files, computers, or any other property or data of any kind, and wherever located or stored: (1) pertaining in any way to any matter described in the Complaint, or any amendment thereto, filed by the Commission in this action; (2) pertaining in any way to MCC, the digital asset referred to as "CPTL" or "CPTLCoin," Bitchain, or any investors or principals thereof; or (3) that were created, modified or accessed by defendants Luiz Carlos Capuci, Jr. and Emerson Sousa Pires. (These documents and data are collectively referred to here as "Evidence").

B.      Such Evidence include both "hard copy" versions and electronically-stored information in defendants' possession, custody or control, including text files, data compilations, word processing documents, spreadsheets, e-mail, voicemail, data bases, calendars and scheduling information, log, file fragments and backup files, letters, instant messages, memoranda, notes, drawings, designs, correspondence or communication of any kind. Evidence that is stored electronically may be maintained on shared network files, computer hard drives, servers, DVDs, CD-ROMs, flash drives, thumb drives, laptops, digital recorders, netbooks, PDA, or other handheld/ smartphone devices.

C.      The obligations set forth in Section IX include an obligation to provide notice to all defendants' employees, custodians, agents, or contractors who may be in possession of

Evidence. This duty also extends to the preservation and retention of Evidence in the possession or custody of third-parties, such as an internet service provider or a cloud computing provider, if such Evidence is within defendants' control.

      D.     Defendants are ordered to act affirmatively to prevent the destruction of Evidence. This duty may necessitate: (1) quarantining certain Evidence to avoid its destruction or alteration; or (2) discontinuing the recycling of backup tapes or other storage media, and the deletion of emails, "trash," "recycling," "drafts," "sent," or "archived" folders.

      E.     Defendants are directed not to run or install any drive cleaning, wiping, encrypting, or defragmenting software on hard disks of computers that may contain Evidence.

## X.     EXPEDITED DISCOVERY

      A.     Immediately upon entry of this Order, parties may take depositions upon oral examination of parties and non-parties subject to three (3) calendar days notice. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas with respect to nonparties, and such nonparties shall be subject to at least three (3) calendar days notice. Should defendants fail to appear for a properly noticed deposition as defined herein, they shall be prohibited from introducing evidence at a hearing on the SEC's request for a preliminary injunction.

      B.     Service of discovery requests shall be sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by email or overnight courier delivery. Notice to the SEC shall be delivered to Jonathan Polish by email at the following email address: PolishJ@SEC.gov.

C.     Depositions may be taken by telephone or other remote electronic means.

D.     Deposition taken pursuant to this Order shall not impact the number of depositions parties may take in regular, non-expedited discovery.

## XI.    ACCOUNTING

Within five (5) calendar days of the issuance of this Order, each defendant shall each make a sworn accounting to this Court in the manner set forth below. The sworn accounting shall cover the period from January 1, 2019 to the present, and shall consist of the following:

A.     An identification and description of (1) all assets, funds and property received, directly or indirectly, from any client or investor; (2) the amount of such funds or value of such assets; and (3) the location of such funds and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

B.     An identification and description of each defendant's assets and liabilities, wherever such assets and liabilities are located, including: (1) a description of the asset or liability; (2) the amount or value or the asset or liability; (3) the location of the asset or liability, including when appropriate the name and address of the bank or other financial institution in which the asset or property is located, the account name, and the account number; (4) the date the asset was acquired or the date the liability was incurred; and (5) whether the asset is encumbered and, if so, the nature of the encumbrance, including the identity of the creditor or lien-holder.

XII.     **ORDER FOR PRELIMINARY INJUNCTION HEARING**

A.     The SEC's TRO Motion is also deemed to be a motion for a preliminary injunction order, for which the SEC is not required to make any further filings.

B.     The SEC shall be permitted, but is not required, to file a supplemental brief and supporting exhibits in advance of any preliminary injunction hearing.

C.     Defendants, no later than ninety-six hours before any scheduled hearing on the motion for preliminary injunction, shall email any written response to the SEC's motion for preliminary injunction to the SEC in the manner set forth in Section X(B) above.

XIII.     **OTHER RELIEF**

A.     The United States Marshal or other law enforcement in any district in which any defendant resides, transacts business or may be found is authorized and directed to make service of process upon any defendant at the request of the SEC.

B.     United States Marshals assigned to this Court are directed to promptly, in consultation with the SEC, effectuate service of the Complaint and the documents and Orders associated with the SEC's TRO Motion on defendants.

C.     This Court shall retain jurisdiction of this matter for all purposes.

D.     Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of the SEC.

XIV.     **PRESERVATION OF RIGHTS AND PRIVILEGES**

Nothing in this Order shall be construed to require that defendant abandon or waive any constitutional or other legal privilege which he may have available to him including his Fifth Amendment privilege against self-incrimination. In turn, nothing in Order shall prevent the SEC from opposing or challenging any assertion by defendant of any Fifth Amendment privilege against self-incrimination, or any other constitutional or other legal

privilege, or from seeking to assert an adverse inference resulting from the invocation of the Fifth Amendment right against self-incrimination.

## XV.        PRELIMINARY INJUNCTION HEARING DATE, DURATION OF ORDER

A.        Defendants wishing to be heard on this matter shall appear in this Court on the SEC's motion for preliminary injunction, before the Honorable Judge [Judge Name], at [Time] o'clock [PM or AM], on the [Number] day of [Month, Year], in Courtroom [Name] of the United States District Court for the Southern District of Florida, [Court Location] as soon thereafter as the matter can be heard, to show cause, if there be any, why this Court should not enter a preliminary injunction and order preliminary relief against them, pursuant to Rule 65 of the Federal Rules of Civil Procedure, extending the temporary relief granted in this Order pending a final adjudication on the merits.

B.        Solely those aspects of this Order that constitute a temporary restraining order pursuant to Rule 65 of the Federal Rules of Civil Procedure, Sections I through IV of this Order, shall expire at 11:59 p.m. on April __, 2022, unless otherwise ordered by this Court. The remaining aspects of this Order shall remain in full force and effect unless and until otherwise ordered by this Court.

        **DONE AND ORDERED** in Chambers in _____ , Florida, this __ day of April, 2022.

                                        _____
                                        **UNITED STATES DISTRICT COURT JUDGE**

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

        Plaintiff,

   v.

MCC INTERNATIONAL CORP. (DBA
"MINING CAPITAL COIN CORP.,"),
CPTLCOIN CORP., BITCHAIN
EXCHANGES, LUIZ CARLOS CAPUCI,
JR. (AKA "JUNIOR CAPUTTI"), and
EMERSON SOUSA PIRES,

        Defendants.

_____/

## CASE FILED UNDER SEAL

## [PROPOSED] ASSET FREEZE ORDER

Plaintiff United States Securities and Exchange Commission ("SEC") has filed an

Emergency *Ex Parte* Motion for a Temporary Restraining Order and Order for Ancillary

Relief ("Motion"). The Court, having considered the Motion, the memorandum of law in

support thereof, the declarations, exhibits and all other documents filed contemporaneously

therewith; having reviewed the SEC's complaint and other submissions it has filed in this

matter; having considered the arguments of counsel; and having been fully advised of such

in the premises, hereby finds as follows:

A.    This Court has subject matter jurisdiction over this case and there is good cause to believe it will have personal jurisdiction over defendants MCC International Corp. (dba "Mining Capital Coin Corp."); CPTLCoin Corp.; Bitchain Exchanges; Luiz Carlos Capuci, Jr. (aka "Junior Caputti"); and Emerson Sousa Pires. The SEC is a proper party to bring this action seeking the relief sought in its complaint.

B.    The SEC has made a sufficient and proper showing and there is good cause to believe that it will ultimately succeed in establishing that defendants have engaged and are likely to engage in transactions, practices and courses of business that violate the federal securities laws, as alleged in the complaint, including Sections 5(a), 5(c), and 17(a) of the Securities Act [15 U.S.C. §§ 77e(a), (c), and 77q(a)]; and Section 10(b) of the Exchange Act [15 U.S.C. § 78j] and Rule 10b-5 [17 CFR § 240.10b-5] thereunder.

C.    There is good cause to believe that defendants have obtained money or property from investors as a result of their securities laws violations alleged in the complaint.

D.    There is good cause to believe that unless frozen by Order of this Court, assets that otherwise could have been subject to an order of disgorgement pursuant to Section 20(d) of the Securities Act of 1933 [15 U.S.C. § 77t(d)] and Section 21(d) of the Securities Exchange Act of 1934 [15 U.S.C. § 78u(d)] will be dissipated, concealed, or transferred from the jurisdiction of this Court.

E.    An Order freezing assets in necessary to preserve the *status quo* and to protect this Court's ability to award equitable relief for the benefit of any investors who may have been harmed by defendants' conduct.

F.     There is good cause to believe that providing notice of these proceeding may result in the dissipation of assets or the compromising of evidence. The SEC's submissions demonstrate that immediate and irreparable injury, loss, or damage would result if defendants received contemporaneous notice of this lawsuit and this Motion.

G.     The SEC has identified vehicles owned by certain defendants that should be safeguarded by the United States Marshal or local law enforcement pending further order of this Court.

H.     The SEC has identified certain real estate belonging to certain defendants that is in the process of being sold. The proceeds of any such sales must be escrowed for the benefit of defrauded MCC investors.

I.      Therefore, the SEC's Motion should be, and is, granted as set forth more fully below.

For these reasons, it is **HEREBY ORDERED**:

A.     All funds and other assets held, managed or controlled, whether directly or indirectly, by defendants MCC International Corp. (dba "Mining Capital Coin Corp."); CPTLCoin Corp.; Bitchain Exchanges; Luiz Carlos Capuci, Jr. (aka "Junior Caputti"); and Emerson Sousa Pires (together referred to below as "Defendants") are hereby frozen.

B.     Defendants, and any of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, are hereby restrained from, directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging, hypothecating,

assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any funds, assets or other property (including money, real estate, personal property, securities, chose in action, or any other form of asset or property of any kind whatsoever).

C.      The asset freeze articulated herein extends to accounts at any financial institution: (1) in the name of any Defendants; (2) that any Defendant has signatory authority or a beneficial interest; (3) that any Defendant directly or indirectly controls, owns or manages; (4) held for the benefit of any Defendant, including through corporations, trusts, partnerships, agents, nominees, friends or relatives; or (5) which are traceable to funds and assets, wherever located, belonging to the victims of the securities law violations alleged in the SEC's complaint.

D.      Any Defendant, and their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, is hereby restrained from, directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging, hypothecating, assigning, liquidating, incurring debt upon, or otherwise disposing of, or withdrawing, any funds or assets, that constitute investor funds or any accounts or property into which investor funds were deposited or invested.

E.      Any Defendant, and their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile

transmission, email, or otherwise, are hereby restrained from opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of any Defendant, or subject to access by them, without providing the SEC prior notice and an opportunity to inspect the contents in order to determine whether they contain assets subject to this Order.

F.    Any bank, financial or brokerage institution or other person or entity holding any such funds or anything else of value, in the name of, for the benefit of, or under the control of any Defendant, or any account holding investor funds wherever located, and that receives actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, email, facsimile transmission or otherwise, shall hold and retain within its control and prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of any such funds, assets or property belonging to any Defendant, or in which any Defendant has a beneficial interest, wherever located and held in whatever name.

G.    Assets covered by this order include, but are not limited to, any holdings in the following accounts:

| INSTITUTION | ACCOUNT NUMBER | ACCOUNT HOLDER |
| --- | --- | --- |
| Bank of America | xxxx-xxxx-7903 | Emerson Souza Pires |
| Bank of America | xxxx-xxxx-1933 | Emerson Souza Pires |
| Bank of America | xxxx-xxxx-1962 | Emerson Souza Pires |
| Coinbase | Account ending in 90f4542 | Luiz Capuci |
| Coinbase | Account ending in 475e646 | Luiz Capuci Jr. |
| Coinbase | Account ending in da7e345 | Emerson Souza Pires |

| INSTITUTION | ACCOUNT NUMBER | ACCOUNT HOLDER |
|---|---|---|
| Coinbase | Account ending in 099b031 | Empires X (Emerson Pires is an authorized signer) |
| Paypal | Account ending in 3301866 | Luiz Capuci |
| Paypal | Account ending in 1193048 | Luiz Capuci |
| Paypal | Account ending in 9326858 | Luiz Capuci |
| Paypal | Account ending in 4791838 | Luiz Capuci |
| Paypal | Account ending in 6567812 | Mining Capital Coin Corp. |
| Paypal | Account ending in 3149048 | Mining Capital Coin Corp. |
| Paypal | Account ending in 2699299 | Hitech Commerce Logist Corp. (Luiz Capuci is an authorized person on the account) |
| Paypal | Account ending in 0639577 | United General Construction LLC (Luiz Capuci is an authorized person on the account) |
| Paypal | Account ending in 5668719 | JK Gas Station Service Corp. (Luiz Capuci is an authorized person on the account) |
| Paypal | Account ending in 7695965 | Emerson Pires |
| Paypal | Account ending in 9674442 | Emerson Pires |
| Paypal | Account ending in 7085920 | Emerson Pires |
| Paypal | Account ending in 7805838 | Emerson Pires |
| Paypal | Account ending in 4694 | Emerson Pires |
| Paypal | Account ending in 5639 | Emerson Pires |
| Paypal | Account ending in 4343 | Emerson Pires |

| INSTITUTION | ACCOUNT NUMBER | ACCOUNT HOLDER |
|---|---|---|
| Paypal | Account ending in 5779 | Emerson Pires |
| Paypal | Account ending in 6579535 | Empires X Corp. (Emerson Pires is an authorized person on the account) |
| Paypal | Account ending in 1133750 | E&J Granite (Emerson Pires is an authorized person on the account) |
| PNC Bank | xxx-xxx-9325 | Luiz Capuci |
| PNC Bank | xxx-xxx-1434 | Emerson Pires |
| PNC Bank | xxx-xxx-7144 | Empire X Corp. (Emerson Pires is an authorized person on the account) |
| Stride Bank | xxxx-xxxx-71518 | Emerson Pires |
| Suncoast | xxx-xxxx-0000 | Emerson Pires |
| Suncoast | xxx-xxxx-0050 | Emerson Pires |
| Varo Bank | xxxx-2747 | Luiz Capuci |
| Varo Bank | xxxx-xxxx-6631 | Luiz Capuci |
| Wells Fargo | xxx-xxx-3528 | Empires X Corp. (Emerson Pires is an authorized person on the account) |

H.     The United States Marshals are directed to assist in the recovery and

safeguarding of vehicles and watercraft in Defendants' possession, custody and control.

Such vehicles and watercraft may include, but are not limited to, the following:

| DESCRIPTION OF VEHICLE | POSSIBLE OWNER | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| **Jeep Cherokee (2020)** | Luiz Capuci | XXXXXXXXXXD614808 |
| **Pillard Hardtop 4DR  (2017)** | Luiz Capuci | XXXXXXXXXXC596135 |
| **Mercedes-Benz G 63 AMG (2015)** | Luiz Capuci | XXXXXXXXXX231187 |
| **Harley Davidson VRSCDX Night Rod Special Edition (2014)** | SL Trustee Corp (Luiz Capuci) | XXXXXXXXXXC802655 |
| **Cadillac Escalade ESV Premium Luxury (2021)** | SL Trustee Corp (Luiz Capuci) | XXXXXXXXXXR233151 |
| **Ferrari 488 PISTA (2019)** | SL Trustee Corp (Luiz Capuci) | XXXXXXXXXX0242271 |
| **Land Rover Autobiography SUV (2020)** | SL Trustee Corp (Luiz Capuci) | XXXXXXXXXXA590933 |
| **Lamborghini Urus (2019)** | SL Trustee Corp (Luiz Capuci) | XXXXXXXXXXLA01775 |
| **Ferrari F8 Tributo (2020)** | SL Trustee Corp (Luiz Capuci) | XXXXXXXXXX0255380 |
| **Hummer (2008)** | SL Trustee Corp (Luiz Capuci) | XXXXXXXXXXH104244 |

| DESCRIPTION OF VEHICLE | POSSIBLE OWNER | VEHICLE IDENTIFICATION NUMBER |
|---|---|---|
| **Sea Ray Boats (2000)** | SL Trustee Corp (Luiz Capuci) | Hull No. XXXXXX77J900 |
| **Lamborghini Urus (2019)** | Emerson Pires | XXXXXXXXXXLA01316 |
| **Land Rover Range Rover Autobiography (2020)** | Emerson Pires | XXXXXXXXXXA403133 |
| **Harley Davidson Road King Tilt Tandem (2007)** | Emerson Pires | XXXXXXXXXXF009208 |
| **Mercedes-Benz S 63 AMG (2015)** | Emerson Pires | XXXXXXXXXXA005053 |

I.    To facilitate this asset freeze, no later than 24 hours after Defendants' counsel receives this Order, each Defendant shall identify with specificity to the SEC all accounts, including bank accounts, brokerage accounts, retirement accounts, and/or trust accounts, in which that Defendant has an ownership or beneficial interest.

**DONE AND ORDERED** in Chambers in _____ , Florida, this __ day of April, 2022.

_____

UNITED STATES DISTRICT COURT JUDGE