UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 2:22-cv-14129-MOORE/MCCABE

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

MCC INTERNATIONAL CORP. (DBA
"MINING CAPITAL COIN CORP."),
CPTLCOIN CORP., BITCHAIN
EXCHANGES, LUIZ CARLOS CAPUCI,
JR. (AKA "JUNIOR CAPUTTI"), and
EMERSON SOUSA PIRES,

    Defendants.
_____/

## DEFENDANT LUIZ CARLOS CAPUCI'S RESPONSE
## TO MOTION FOR PRELIMINARY INJUNCTION

    Defendant, Luiz Carlos Capuci, Jr. ("Mr. Capuci"), by and through undersigned counsel, and pursuant to this Court's Omnibus Order (ECF No. 15), hereby responds to the Motion for Preliminary Injunction (ECF No. 14) (the "Motion") filed by Plaintiff, United States Securities and Exchange Commission (the "SEC"), and states as follows:[1]

### DISCUSSION

    Quashing the Rule 45 Subpoena is required as it was not properly served. On May 5, 2022, Wellman & Warren, LLP received, by email, a copy of the Order and Subpoena as well as notice that this hearing would go forward on May 12, 2022. Wellman & Warren, LLP had not made any appearance in this action when the Order was emailed to them, but did represent Mr. Capuci during

---

[1] By the filing of this Response in compliance with this Court's Order, Mr. Capuci does not consent to personal jurisdiction in this Court, and he reserves his right to contest this Court's exercise of personal jurisdiction.

the SEC's confidential investigation. Neither the Order nor the Subpoena have been served on Mr. Capuci. Mr. Capuci is a resident of Brazil since relocating there in the summer of 2021. He holds dual citizenship in both Brazil and the U.S.; however, his U.S. passport has expired.

Service of the subpoena and Order is improper for the following reasons. First, the subpoena exceeds the jurisdictional limit of this Court because it mandates Mr. Capuci to appear for a hearing beyond the 100-mile limit set forth in Fed. R. Civ. P. 45(c)(1)(A). Second, both the Order and subpoena violate 28 U.S.C. § 1728 because they were not served through the Hague Service Convention. Also, the Court should find that the Order, as drafted, is unreasonably overbroad. Mr. Capuci will address these issues in turn.

### A. The Subpoena Requires Compliance Beyond the 100-Mile Limit.

According to Fed. R. Civ. P. 45(c)(1)(A) and (B)(i)(ii), "[a] subpoena may command a person to attend a . . . hearing . . . only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense."

Here, it is undisputed Mr. Capuci no longer resides in Florida and has since moved to Brazil in July 2021. ECF No. 15 at 2, n.3. However, the subpoena requires Mr. Capuci to attend a hearing located at "701 Clematis Street, West Palm Beach, Florida 33401." Given his current residence, Mr. Capuci is more than 100 miles from this this courthouse. Accordingly, the subpoena is invalid because it mandates Mr. Capuci to appear at a hearing that is to take place beyond the 100-mile limit proscribed under the Federal Rules.[2]

---

[2] Although the Court issued a minute order stating that the scheduled hearing would be conducted via Zoom, the SEC failed to serve an amended subpoena reflecting this. Currently, the subpoena

63460055;1

### B. The Subpoena and Order Were Not Properly Served Through the Hague Service Convention.

Service of a subpoena and order to show cause "of a national or resident of the United States who is in a foreign country" is governed by 28 U.S.C. §1783. That statute states:

(a) A court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, or before a person or body designated by it, of a national or resident of the United States who is in a foreign country, or requiring the production of a specified document or other thing by him, if the court finds that particular testimony or the production of the document or other thing by him is necessary in the interest of justice, and, in other than a criminal action or proceeding, if the court finds, in addition, that it is not possible to obtain his testimony in admissible form without his personal appearance or to obtain the production of the document or other thing in any other manner.

(b) The subpoena shall designate the time and place for the appearance or for the production of the document or other thing. *Service of the subpoena and any order to show cause, rule, judgment, or decree authorized by this section or by section 1784 of this title shall be effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign country*. The person serving the subpoena shall tender to the person to whom the subpoena is addressed his estimated necessary travel and attendance expenses, the amount of which shall be determined by the court and stated in the order directing the issuance of the subpoena. (*Emphasis added*).

As stated above, Section 1783(b) requires that service of both the Subpoena and the Order must be "effected in accordance with the provisions of the Federal Rules of Civil Procedure relating to service of process on a person in a foreign county." It also requires that the person serving the subpoena tender the "estimated necessary travel and attendance expenses."

Rule 4(f)(1) of the Federal Rules of Civil Procedure governs service of an "Individual in a Foreign Country." There, it makes it mandatory that service be made through the Hague Service Convention if the individual to be served is a resident of a country that is a signatory to the Hague

---

mandates Mr. Capuci to appear in person at the courthouse without any reference to zoom. Consequently, the subpoena is invalid as drafted.

3

Convention. *Volkswagenwerk AG v. Schlunk,* 486 U.S. 694 (1988); *see also Sheets v. Yamaha Motors Corp. U.S.A.* 891 F.2d 533, 536 (5th Cir. 1990). Brazil is a signatory to the Hague Convention.[3] Also, as discussed above, Mr. Capuci is a resident of Brazil. Therefore, service can only be accomplished through the Hague Convention.

In this matter, the SEC attempted to achieve service by emailing the legal counsel that represented Mr. Capuci in the underlying SEC investigation. Under any reading of the Hague Service Convention, this is not proper service.[4]

In addition, service of the Complaint must be made pursuant to the Hague Service Convention. Until this is done, Mr. Capuci cannot be made to answer to the Complaint.

### C. Even if the Order was Properly Served, it is Overbroad.

The Order is extremely broad. For example, at paragraph twenty-four (24) of the Order, it states:

> Defendants, and any of their agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with any one or more of them, and each of them, who receive actual notice of this Order or of the terms of the asset freeze provisions contained herein, by personal service, mail, facsimile transmission, email, or otherwise, are hereby restrained from, directly or indirectly, transferring, selling, encumbering, receiving, concealing, changing, pledging, hypothecating, assigning, liquidating, incurring debt upon, or otherwise disposing of, or withholding, any funds, assets or other property (including money, real estate, personal property, securities, chose in action, or any other form of asset or proper of any kind whatsoever).

---

[3] https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Brazil.html#:~:text=Brazil%20is%20a%20party%20to%20the%20Hague%20Convention%20Abolishing%20the,Brazilian%20public%20documents%20with%20Apostilles.

[4] No doubt the SEC will point to a provision of the Order allowing for service of the Order by email to legal counsel. However, an Order cannot violate a federal statute (28 U.S.C. §1783) or a treaty which are the supreme law of the land (*Constitution of the United States,* Article VI). Therefore, this portion of the Order should be deemed void.

63460055;1

This injunction is overbroad because it not only restrains Mr. Capuci from using/disposing of any funds, but also restrains third parties (including his attorneys) from doing the same regardless of if such funds/assets are associated with investor monies. When read literally, Mr. Capuci's counsel would be in violation of this Order by simply paying for daily meals with their own funds. Given how overbroad this provision is, if the Court is inclined to issue the preliminary injunction, then it should carefully consider the reach of each provision to ensure that it does not improperly violate any person's due process rights.

Having said this, there are a number of provisions of the Order that Mr. Capuci would be willing to stipulate to, as long as they are properly tailored (*e.g.* to remove third parties such as Mr. Capuci's attorneys). These include paragraphs 1, 2, 3, 4,5, 14, 15, 16, 17, 31 (subject to proper objection).

### D. The Court Does Not Have Jurisdiction Over this Matter.

United States securities have no extraterritorial application unless the transactions giving rise to the alleged violations occurred in the United States. *Morrison v. National Australia Bank LTD.,* 130 S. Ct. 2869 (2010). After *Morrison,* Congress amended the securities laws to provide two exceptions allowing for a court to take jurisdiction in an SEC enforcement action of certain foreign securities transactions. This amendment was contained in Section 929P of the Dodd Frank Act and is found at 15 U.S.C. §78aa. The exceptions are as follows:

> **(b) Extraterritorial jurisdiction.** The district courts of the United States and the United States courts of any Territory shall have jurisdiction of an action or proceeding brought or instituted by the Commission or the United States alleging a violation of the antifraud provisions of this chapter involving— **(1)** conduct within the United States that constitutes significant steps in furtherance of the violation, even if the securities transaction occurs outside the United States and involves only foreign investors; or **(2)** conduct occurring outside the United States that has a foreseeable substantial effect within the United States.

It is Mr. Capuci's position that neither of these two exceptions have been satisfied, so that there is no subject matter jurisdiction over this action. This is because all MCC's (Brazil) operations were conducted outside of the United States. Co-defendant, MCC International Corp., was a shell company that had no operations whatsoever and was set up for reasons totally unrelated to this litigation. Indeed, the SEC will not even be able to point to a single bank account, financial account, or office space associated with MCC International Corp. The operating entity was a Brazilian company with a DBA of MCC, which is short for Mining Capital Coin. All programing, all operations, all product development, and all marketing efforts were performed in Brazil. In fact, United States residents were unable to access the MCC (Brazil) website, as it automatically blocked any VPN address from the United States. There were no actions taken "in furtherance of the violation" in the United States.

Additionally, since it was the intent that all MCC members be foreign nationals, there is no "foreseeable substantial effect within the United States." Apparently, there were some U.S. members that used a bogus VPN address to make it appear as they were enrolling with MCC from a foreign country to circumvent the controls put in place to restrict the MCC membership to foreign residents (estimated to be less than 5% of the members). However, this fraudulent use of foreign VPN's was unbeknownst to Mr. Capuci, and it would be unfair to hold him liable for the fraudulent activity of others. It is not "foreseeable" that individuals would circumvent the system by fraudulently posing as foreign residents through the use of "fake" VPNs. In other words, it is common sense that everyone is presumed to act in a non-fraudulent manner. Therefore, the second prong of the exception has not been satisfied.

## CONCLUSION

Based on the foregoing, the temporary restraining order should be dissolved.

Date: May 10, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　*/s/ Sara A. Brubaker*
　　　　　　　　　　　　　　　　　**Sara A. Brubaker**
　　　　　　　　　　　　　　　　　Florida Bar No. 105769
　　　　　　　　　　　　　　　　　AKERMAN LLP
　　　　　　　　　　　　　　　　　420 S Orange Ave, Suite 1200
　　　　　　　　　　　　　　　　　Orlando, FL 32801-4904
　　　　　　　　　　　　　　　　　Telephone: (407) 419-8404
　　　　　　　　　　　　　　　　　Facsimile:  (407) 843-6610
　　　　　　　　　　　　　　　　　E-Mail:  sara.brubaker@akerman.com

　　　　　　　　　　　　　　　　　**Jonathan Robbins**
　　　　　　　　　　　　　　　　　Florida Bar No. 989428
　　　　　　　　　　　　　　　　　AKERMAN LLP
　　　　　　　　　　　　　　　　　The Main Las Olas - Suite 1800
　　　　　　　　　　　　　　　　　201 E Las Olas Blvd
　　　　　　　　　　　　　　　　　Fort Lauderdale, FL 33301-3633
　　　　　　　　　　　　　　　　　Telephone: (954) 463-2700
　　　　　　　　　　　　　　　　　Facsimile:  (954) 463-2224
　　　　　　　　　　　　　　　　　E-Mail:  Jonathan.robbins@akerman.com

　　　　　　　　　　　　　　　　　**Jacqueline Arango**
　　　　　　　　　　　　　　　　　Florida Bar No. 664162
　　　　　　　　　　　　　　　　　AKERMAN LLP
　　　　　　　　　　　　　　　　　Three Brickell City Centre
　　　　　　　　　　　　　　　　　98 SE 7th St
　　　　　　　　　　　　　　　　　Miami, FL 33131-3522
　　　　　　　　　　　　　　　　　Telephone: (305) 374-5600
　　　　　　　　　　　　　　　　　Facsimile:  (305) 374-5095
　　　　　　　　　　　　　　　　　E-Mail:  Jacqueline.arango@akerman.com

　　　　　　　　　　　　　　　　　And

　　　　　　　　　　　　　　　　　**Scott W. Wellman**, SBN 82897 *(admitted Pro Hac Vice)*
　　　　　　　　　　　　　　　　　**Chris Wellman**, SBN 304700 *(admitted Pro Hac Vice)*
　　　　　　　　　　　　　　　　　WELLMAN & WARREN, LLP
　　　　　　　　　　　　　　　　　24411 Ridge Route, Suite 200
　　　　　　　　　　　　　　　　　Laguna Hills, CA 92653
　　　　　　　　　　　　　　　　　Telephone: (949) 580-3737
　　　　　　　　　　　　　　　　　Facsimile: (949) 580-3738
　　　　　　　　　　　　　　　　　E-mail:  swellman@w-wlaw.com
　　　　　　　　　　　　　　　　　　　　　　　cwellman@w-wlaw.com
　　　　　　　　　　　　　　　　　*Attorneys for Defendant Luis Carlos Capuci, Jr.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              By: */s/ Sara A. Brubaker*
                                  Sara A. Brubaker

63460055;1